# Exhibit 1

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144
————
TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5480
DIRECT FAX
(213) 621-5480
EMAIL ADDRESS
RICHARD.MARMARO@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 19, 2013

**VIA FEDERAL EXPRESS**
National Security Agency
ATTN: FOIA Office (DJ4)
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248

RE:   Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), as amended, 5 U.S.C. §§ 552, *et. seq.*, we hereby request all records collected by the National Security Agency ("NSA") related to Agility Public Warehousing Company K.S.C., a/k/a Agility or The Public Warehousing Company, and/or any of its subsidiaries or affiliated companies, including without limitation Agility DGS Logistics Services Company, K.S.C. (c), d/b/a and f/k/a PWC Logistics Services K.S.C. (c) (hereinafter, collectively referred to as "PWC").[1]  PWC is a Kuwaiti company specializing in logistics and related services.

**Specific Records Requested:**

We request access to and copies of the following records, from May 28, 2003 through the present:

- All email, letter, telephonic, or other communications, or recordings of such communications, by PWC or its directors, officers, or employees.  This request includes, without limitation, any such communications in the NSA's

---

[1]    In 2007, The Public Warehousing Company changed its name to Agility Public Warehousing Company.  We therefore request that you search for records related to the company under any and all of its above-mentioned names.

FOIA Office (DJ4)
December 19, 2013
Page 2

possession, including without limitation any communications that were
intercepted by the NSA (including, without limitation, through the NSA's
XKeyscore program), any other U.S. or foreign government agency, or any
U.S. or foreign communications providers (such as Google, Yahoo, Verizon
or AT&T).

- The names of any U.S. or foreign communications providers that intercepted
email, letter, telephonic, and/or other communications by PWC or its
directors, officers, or employees.

- Any and all documents related to the following contracts between PWC and
the Defense Supply Center Philadelphia ("DSCP"): Contract SP0300-03-D-
3061 (awarded on May 28, 2003); Contract SPM300-05-D-3119 (awarded on
February 16, 2005); and Contract SPM300-05-D-3128 (awarded on
November 16, 2004).

- Any and all documents related to the following lawsuits: *U.S. ex. rel. Kamal
Mustafa Al-Sultan v. The Public Warehousing Company K.S.C.*, Case No.
1:05-CV-2968 (N.D. Ga. 2005); and *United States v. The Public
Warehousing Co. K.S.C.*, Case No. 1:09-CR-490-TWT/AJB (N.D. Ga. 2009).

- All email, letter, telephonic, or other communications, or recordings of such
communications, between the NSA and any other investigative or law
enforcement agency, including the Department of Justice ("DOJ") and the
Federal Bureau of Investigations ("FBI"), regarding PWC or any of its
directors, officers, or employees.

- Any memoranda, meeting minutes, reports, manuals, or other documents
discussing or pertaining to any meetings among employees or contractors of
any or all of the DOJ, the Office of the Director of National Intelligence
("ODNI"), and the NSA, which mention or relate to PWC.

- Any memoranda, meeting minutes, reports, manuals, or other documents
discussing or pertaining to any meetings between employees or contractors of
the NSA and employees or contractors of other investigative or law
enforcement agencies, including but not limited to the FBI, the Central
Intelligence Agency ("CIA"), the Department of Defense ("DOD"), and the
Department of Homeland Security ("DHS"), relating to or mentioning PWC.

FOIA Office (DJ4)
December 19, 2013
Page 3

## Exemptions:

If for any reason you determine that portions of a document are exempt from disclosure under FOIA, please identify the document, inform us of the basis for the claimed exemption, and furnish us with any and all portions of the document that have not specifically been determined to be exempt.  Please note that this request in no way waives our right to appeal any determination that you may make regarding the applicability of any FOIA exemptions to the disclosure of the requested documents, portions of documents, or other information.

## Fees:

I agree to pay all reasonable search and reproduction fees which you may incur in processing these requests.

*****************

If you have any questions about these requests or require further information, please contact me at (213) 687-5480.  I understand that according to FOIA, I can expect a response within 20 business days of your receipt of this letter.  (*See* 5 U.S.C. § 552(a)(6)(A)(i).)  Thank you for your attention to this matter.

Sincerely,

*Richard Marmaro* /E.L.A.

Richard Marmaro

# Exhibit 2

**From:** foiarsc, foiarsc [mailto:foiarsc@nsa.gov]
**Sent:** Monday, January 06, 2014 5:02 AM
**To:** Marmaro, Richard (LAC)
**Cc:** foiarsc, foiarsc
**Subject:** FOIA Request

Good Morning Mr. Marmaro,

The National Security Agency (NSA) Freedom of Information Act (FOIA) office has received your request, dated 19 Dec. 2013, on 31 Dec. 2013 for "all records collected by the [NSA] related to Agility Public Warehousing Company K.S.C. a/k/a Agility or The Public Warehousing Company, and/or any of its subsidiaries...collectively referred to as the PWC." Your FOIA request has been assigned Case Number 76091.

Before we can begin processing your request, we will need some additional information and clarification.

- In order to determine your fee category, we will need to know if your firm is representing a person or a company.
- Regarding the 6th bullet for records that pertain to "meetings among employees or contractors of any or all of the DOJ, the [ODNI]m and the NSA, which mention or relate to the PWC." – we are uncertain of the records you seek, and will require more information in order to conduct a reasonable search. Would you be able to elaborate on this to include a time frame and topic of the meetings? Please provide as much detail as possible.

We will hold your request in abeyance until we hear back from you. If we have not heard back from you within 30 days of this email, we will assume you are no longer interested in pursuing this FOIA request and will administratively close this case.

Regards,
Cindy Blacker
NSA/CSS FOIA Officer. POC
(301)688-6527

Exhibit 3

**From:** Marmaro, Richard (LAC)
**Sent:** Wednesday, January 29, 2014 11:03 AM
**To:** 'foiarsc, foiarsc'
**Cc:** 'becorde@nsa.gov'; Sloan, Matthew E (LAC); Tahler, Kristin N (LAC)
**Subject:** RE: FOIA Request

Dear Ms. Blacker,

Thank you for your January 6, 2014 email.  Below are responses to your questions:

- Skadden, Arps represents Agility Public Warehousing Company, K.S.C., a/k/a Agility or The Public Warehousing Company K.S.C. ("PWC"), a company based in Kuwait.  We have filed the present FOIA request on behalf of PWC.

- Regarding the 6th bullet, we wish to capture all records pertaining to any meetings between the DOJ, on the one hand, and the ODNI or the NSA, on the other, that mention PWC *in any way*.  The timeframe that we set on page 1 of our letter—May 28, 2003 through the present—applies to all of the records we requested, including the records in the 6th bullet.  However, in the interest of streamlining our request, we agree to limit the timeframe of bullet 6 to **January 1, 2005 through the present**.  As for topics, we are interested in *any* discussions regarding PWC between the DOJ and the ODNI or the NSA.  Since we have now limited our request in bullet 6 to any records mentioning a specific company in a narrowed timeframe, we have already narrowed the request sufficiently to allow for a reasonable search.

Please let us know if you have any further questions.  I ask that you include my colleagues, Matthew Sloan and Kristin Tahler (copied here), in any correspondence that you send to me.  As we told Brian Cordell of the NSA's FOIA Appeal Authority yesterday, in light of your January 6th email, we would not object if you administratively closed PWC's appeal without prejudice to PWC re-filing an appeal in this matter at a later date if warranted.

Sincerely,

Richard Marmaro

**Richard Marmaro**
**Skadden, Arps, Slate, Meagher & Flom LLP**
**300 South Grand Avenue | Los Angeles | California | 90071-3144**
**T: 213.687.5480 | F: 213.621.5480**
**richard.marmaro@skadden.com**

---

**From:** foiarsc, foiarsc [mailto:foiarsc@nsa.gov]
**Sent:** Monday, January 06, 2014 5:02 AM
**To:** Marmaro, Richard (LAC)
**Cc:** foiarsc, foiarsc
**Subject:** FOIA Request

Good Morning Mr. Marmaro,

The National Security Agency (NSA) Freedom of Information Act (FOIA) office has received your request, dated 19 Dec. 2013, on 31 Dec. 2013 for "all records collected by the [NSA] related to

Agility Public Warehousing Company K.S.C. a/k/a Agility or The Public Warehousing Company, and/or any of its subsidiaries...collectively referred to as the PWC." Your FOIA request has been assigned Case Number 76091.

Before we can begin processing your request, we will need some additional information and clarification.

- In order to determine your fee category, we will need to know if your firm is representing a person or a company.
- Regarding the 6th bullet for records that pertain to "meetings among employees or contractors of any or all of the DOJ, the [ODNI]m and the NSA, which mention or relate to the PWC." – we are uncertain of the records you seek, and will require more information in order to conduct a reasonable search. Would you be able to elaborate on this to include a time frame and topic of the meetings? Please provide as much detail as possible.

We will hold your request in abeyance until we hear back from you. If we have not heard back from you within 30 days of this email, we will assume you are no longer interested in pursuing this FOIA request and will administratively close this case.

Regards,
Cindy Blacker
NSA/CSS FOIA Officer. POC
(301)688-6527

# Exhibit 4



NATIONAL SECURITY AGENCY
CENTRAL SECURITY SERVICE
FORT GEORGE G. MEADE, MARYLAND 20755-6000

FOIA Case:  76091
31 January 2014

Richard Marmaro, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
300 South Grand Avenue
Los Angeles, CA
90071-3144

Dear Mr. Marmaro:

　　　　This is an initial response to your Freedom of Information Act (FOIA) request dated 19 December 2013, which was received by this office on 31 December 2013, for "all records collected by the National Security Agency ('NSA') related to Agility Public Warehousing Company K.S.C. a/k/a Agility or The Public Warehousing Company, and/or any of its subsidiaries or affiliated companies, including without limitation Agility DGS Logistics Services Company, K.S.C. (c), d/b/a and f/k/a PWC Logistics Services K.S.C.(c) (hereinafter, collectively referred to as 'PWC'). PWC is a Kuwaiti company specializing in logistics and related services." Specifically, from 28 May 2003 through the present the following records: (numbers added for clarity)

　　　　1. All emails, letter, telephonic or other communications, or recordings of such communications, by PWC or its directors, officers, or employees.  This request includes, without limitation, any such communications in the NSA's possession, including without limitation any communications that were intercepted by NSA (including without limitation, through the NSA's XKeyscore program), any other US or foreign government agency, or any US or foreign communications providers (such as Google, Yahoo, Verizon or AT&T).

　　　　2. The names of any US or foreign communications providers that intercepted email, letter, telephonic, and/or other communications by PWC or its directors, officers, or employees.

　　　　3. Any and all documents related to the following contracts between PWC and the Defense Supply Center Philadelphia ("DSCP"): Contract SP0300-03-D-3061 (awarded 28 May 2003); contract SPM300-05-D-3119 (awarded on 16 Feb 2005); and Contract SPM300-05-D-3128 (awarded on 16 Nov 2004).

FOIA Case:  76091

4. Any and all documents related to the following lawsuits: US ex. rel. Kamal Mustafa Al-Sultan v. The Public Warehousing Company K.S.C., Case No. l:05-CV-2968 (N.D. Ga 2005); and US v. The Public Warehousing Co K.S.C., Case No. 1:09-CR-490-TWT/AJB (N.D. Ga. 2009).

5. All email, letter, telephonic, or other communications, or recordings of such communications, between the NSA and any other investigative or law enforcement agency, including the Department of Justice (DOJ) and the Federal Bureau of Investigation (FBI) regarding PWC or any of its directors, officers, or employees.

6. Any memoranda, meeting minutes, reports, manuals, or other documents discussing or pertaining to any meetings among employees or contractors of any or all of the DOJ, the Office of the Director of National Intelligence (ODNI) and the NSA, which mention or relate to PWC.

7. Any memoranda, meeting minutes, reports, manuals, or other documents discussing or pertaining to any  meetings between employees or contractors of the NSA and employees or contractors of other investigative or law enforcement agencies, including but not limited to the FBI, the CIA, the DOD and the Department of Homeland Security (DHS), relating to or mentioning PWC.

This letter acknowledges that we have received your initial request dated 19 December 2013, and clarification email dated 29 January 2014.  Your request has been assigned Case Number 76091.  Due to a significant increase in the number of requests being received by this Agency, we are experiencing delays in processing.  We will begin to process your request and respond to you again as soon as we are able on a first-in, first-out basis.

Correspondence related to your request should include the case number assigned to your request, which is included in the first paragraph of this letter. Your letter should be addressed to National Security Agency, FOIA Office (DJ4), 9800 Savage Road STE 6248, Ft. George G. Meade, MD  20755-6248 or may be sent by facsimile to 443-479-3612.  If sent by fax, it should be marked for the attention of the FOIA office.  The telephone number of the FOIA office is 301-688-6527.

Sincerely,

Andrew F.

FOIA Customer Representative

# Exhibit 5

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

DIRECT DIAL
213-687-5480
DIRECT FAX
213-621-5480
EMAIL ADDRESS
RICHARD.MARMARO@SKADDEN.COM

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

March 14, 2014

**VIA FAX AND FEDERAL EXPRESS**

National Security Agency
ATTN: FOIA Office (DJ4)
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248
Fax: (443) 479-3612

RE:   FOIA Case Number 76091

Dear FOIA Officer:

    I write to follow up on the above-referenced Freedom of Information Act ("FOIA") request to the National Security Agency ("NSA"), which I filed on behalf of my client, Agility Public Warehousing Company K.S.C., a/k/a Agility or the Public Warehousing Company ("PWC"). **This letter serves to notify your Office that you have failed to provide an adequate response to our FOIA request within the statutory time limit, and that if you do not provide an adequate response to us by** April 11, 2014, **we will deem your failure to respond a constructive denial of our FOIA request.**

    On December 19, 2013, we mailed to your Office the enclosed FOIA request, which seeks all records collected by the NSA related to PWC and/or any of its subsidiaries or affiliates. (*See* Exhibit A, 12/19/2013 FOIA request by R. Marmaro.) Your Office received the request and sent us an email requesting additional information on January 6, 2014. We responded to your email and provided the requested information on January 29, 2014. (*See* Exhibit B, 1/29/2014 email from R. Marmaro to NSA FOIA Officer Cindy Blacker.) In a letter dated January 31, 2014, your Office acknowledged that it had received our initial request and subsequent clarification email. (*See* Exhibit C, 1/31/2014 letter from NSA FOIA Customer Representative.) Although your January 31 letter assigned us Case Number 76091, it did not indicate whether or when you would produce any of the requested information. We have received no subsequent communication from your Office.

FOIA Office (DJ4)
March 14, 2014
Page 2

Under the FOIA, an agency must, within 20 business days of receiving a request, (1) "determine…whether to comply with such request"; (2) "immediately notify the person making such request of such determination and the reasons therefor"; and (3) "[immediately notify the person making such request] of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). **Your Office's January 31 letter failed to notify us of the NSA's determination of whether it would comply with our request, failed to give reasons for any such determination, and failed to inform us of our right to appeal any adverse determination. Your January 31 letter is therefore not a sufficient response under the FOIA to our request.** Furthermore, your January 31 letter did not provide notice of any statutorily defined "unusual circumstances" that would allow the NSA, under the FOIA, to extend the deadline for reaching a determination. *See* 5 U.S.C. § 552(a)(6)(B). Accordingly, since it has been more than 20 business days since January 29, 2014, the day your Office received our clarification email, and we still have not received a statutorily sufficient response to our request, the NSA has failed to comply with the FOIA's time limit provision.

Despite the NSA's failure to respond within the time period required by the FOIA, we are willing to allow the NSA 20 additional business days from today to provide a statutorily compliant response to our request, thus giving your Office until **April 11, 2014** to respond. If the NSA does not provide an adequate response by such date, we will consider the NSA's actions to be a constructive denial of our FOIA request.

If you have any questions about this letter or about our requests, please contact me at (213) 687-5480, or my colleague, Emily Aviad, at (213) 687-5082. Thank you for your attention to this matter.

Sincerely,

*Richard Marmaro/E.L.A.*

Richard Marmaro

Enclosures

# Exhibit 6

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE

### LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
213-687-5480
DIRECT FAX
213-621-5480
EMAIL ADDRESS
Richard.Marmaro@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

April 15, 2014

**VIA FACSIMILE AND FEDERAL EXPRESS**

NSA/CSS FOIA Appeal Authority (DJ4)
National Security Agency
9800 Savage Road STE 6248
Ft. George G. Meade, MD 20755-6248
Fax: (443) 479-3612

RE:   FOIA Case Number 76091:  Appeal of Constructive
Denial of FOIA Request

Dear FOIA Appeal Authority:

We write to follow up on the above-referenced Freedom of Information Act ("FOIA") request to the National Security Agency ("NSA"), which was filed on behalf of Agility Public Warehousing Company, K.S.C., a/k/a Agility or the Public Warehousing Company ("PWC"). **This letter serves to notify the NSA/CSS FOIA Appeal Authority that the NSA has failed to provide a sufficient response to our FOIA request within the statutory time limit. Accordingly, we construe the NSA's failure to adequately respond as a constructive denial of our FOIA request and hereby request an immediate administrative appeal.**

On December 19, 2013, we mailed to the NSA's FOIA Office the enclosed FOIA request, which seeks all records collected by the NSA related to PWC and/or any of its subsidiaries or affiliates. (*See* Exhibit A, 12/19/2013 FOIA request by R. Marmaro.) The FOIA Office received the request and sent us an email requesting additional information on January 6, 2014. We responded to that email and provided the requested information on January 29, 2014. (*See* Exhibit B, 1/29/2014 email from R. Marmaro to NSA FOIA Officer Cindy Blacker.) In a letter dated January 31, 2014, the NSA acknowledged that it had received our initial request and subsequent clarification email. (*See* Exhibit C, 1/31/2014 letter from NSA FOIA Customer Representative.) Although the January 31 letter assigned us Case Number 76091, it

NSA/CSS FOIA Appeal Authority (DJ4)
April 15, 2014
Page 2

did not indicate whether or when the NSA's FOIA Office would produce any of the requested information. On March 14, 2014, we sent another letter to the FOIA Office, informing the Office that the NSA had failed to provide an adequate response to our FOIA request within the statutory time period, and inquiring about the status of our request. (*See* Exhibit D, 3/14/2014 letter from R. Marmaro.) We have received no subsequent communication from the NSA.

As we observed in our March 14 letter to the NSA's FOIA Office, an agency must, within 20 business days of receiving a FOIA request, (1) "determine . . . whether to comply with such request"; (2) "immediately notify the person making such request of such determination and the reasons therefor"; and (3) "[immediately notify the person making such request] of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A)(i). **The NSA's January 31 letter—the only letter we ever received from the NSA after we submitted the additional clarification email that the Office requested from us—failed to notify us of the NSA's determination of whether it would comply with our request, failed to give reasons for any such determination, and failed to inform us of our right to appeal any adverse determination. The NSA's January 31 letter is therefore not a sufficient response under the FOIA to our request.** Furthermore, the January 31 letter did not provide notice of any statutorily defined "unusual circumstances" that would allow the NSA, under the FOIA, to extend the deadline for reaching a determination. *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Accordingly, since it has been more than 20 business days since January 29, 2014, the day the FOIA Office received our clarification email, and we still have not received a statutorily sufficient response to our request, the NSA has failed to comply with the FOIA's time limit provision.

Our March 14 letter to the NSA's FOIA Office also noted that, despite the NSA's failure to respond within the time period required by the FOIA, we were willing, as a reasonable accommodation, to allow the NSA 20 additional business days—until April 11, 2014—to provide a statutorily compliant response to our request. (*See* Exhibit D, at 2.) April 11 has passed and we have received no further communication of any kind from the NSA. **The NSA's failure to adequately respond to our FOIA request constitutes a constructive denial, and we therefore request an immediate administrative appeal.** *See* DoD Regulation 5400.7-R, "DoD Freedom of Information Act Program" (Sept. 1998), at C1.4.7 ("*Requesters . . . may appeal the failure to receive a response determination within the statutory time limits . . . .*"); *see also, id.* at AP2.2.12 (confirming that DoD Regulation 5400.7-R covers FOIA requests to the NSA).

NSA/CSS FOIA Appeal Authority (DJ4)
April 15, 2014
Page 3


 If you have any questions regarding this appeal, please contact me at (213) 687-5480, or my colleague, Emily Aviad, at (213) 687-5082.  Thank you for your attention to this matter.


    Sincerely,

    Richard Marmaro


Enclosures

Exhibit 7



**NATIONAL SECURITY AGENCY**
**CENTRAL SECURITY SERVICE**
FORT GEORGE G. MEADE, MARYLAND 20755-6000

Case No: 76091 / Appeal No: 3952
25 April 2014

Richard Marmaro, Esquire
Skadden, Arps, Slate, Meagher & Flom, LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144

Dear Mr. Marmaro:

This acknowledges receipt of your correspondence, dated 15 April 2014, requesting an administrative appeal of your Freedom of Information Act (FOIA) request of 19 December 2013. Your appeal was received by the NSA/CSS Office of Associate General Counsel (Litigation) on 16 April 2014 and has been assigned Appeal Number 3952.

Please be advised that appeals are processed in the order in which they are received, on a first-in, first-out basis. At this time, there are a large number of appeals ahead of yours in our queue. We will begin to process your appeal and will respond to you again as soon as we are able. We appreciate your understanding in this matter.

Correspondence related to your request should include the case and appeal numbers assigned to your request and be addressed to the National Security Agency, Office of Associate General Counsel (Litigation), FOIA/PA Appeals, 9800 Savage Road, Suite 6278, Fort George G. Meade, MD  20755-6278; or it may be sent via facsimile to 443-479-1111. If sent by fax, it should be marked for the attention of "FOIA Appeals." **For inquiries regarding the status of your appeal, please contact this office via email at FOIA_Appeal_Status@nsa.gov.**

Sincerely,

Brian C.
FOIA/PA Appeals Program Manager
Office of Associate General Counsel (Litigation)

# Exhibit 8

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
213-687-5480
DIRECT FAX
213-621-5480
EMAIL ADDRESS
Richard.Marmaro@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

May 6, 2014

**VIA FACSIMILE AND FEDERAL EXPRESS**

National Security Agency
Office of Associate General Counsel (Litigation)
FOIA/PA Appeals
9800 Savage Road, Suite 6278
Fort George G. Meade, MD 20755-6278
Facsimile:  (443) 479-1111

RE:   FOIA Case No. 76091 / FOIA Appeal No. 3952

Dear FOIA/PA Appeals Program Manager:

I am writing in response to your letter, dated April 25, 2014, which assigned the above-referenced Freedom of Information Act ("FOIA") appeal number to The Public Warehousing Company, K.S.C., a/k/a Agility's ("Agility" or "PWC") April 15, 2014 appeal of the National Security Agency's ("NSA") constructive denial of PWC's outstanding FOIA request.  (PWC filed its FOIA request on December 19, 2013.) While we appreciate the NSA's preference for handling appeals on a first-in, first-out basis, as you state in your April 25 letter, **we respectfully request a substantive response to our appeal within the timeframe required by law.**

As you are well aware, the FOIA requires an agency to "make a determination with respect to any appeal" within twenty business days of receipt of such appeal.  5 U.S.C. § 552(a)(6)(A)(ii).  Since, according to your letter, your office received our appeal on April 16, 2014, you now have until **May 14, 2014** to make a determination with respect to our appeal.  Please comply with this statutorily-mandated deadline, and submit a substantive response to our appeal by that date.

NSA/CSS FOIA Appeals Program Manager
May 6, 2014
Page 2

If you have any questions regarding our appeal, please contact me at (213) 687-5480, or my colleague, Emily Aviad, at (213) 687-5082.  Thank you for your attention to this matter.

Sincerely,

Richard Marmaro