UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGILITY PUBLIC WAREHOUSING<br>COMPANY K.S.C., a/k/a<br>AGILITY or THE PUBLIC<br>WAREHOUSING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL SECURITY AGENCY,<br><br>Defendant. | Case No. 1:14-cv-0946-BAH |

# ANSWER

Defendant the United States National Security Agency, by and through its undersigned counsel, answers plaintiff's Complaint upon information and belief as follows:

## FIRST DEFENSE

Defendant has exercised due diligence in processing plaintiff's Freedom of Information Act request and exceptional circumstances exist that necessitate additional time for the components of defendant to complete their processing of the FOIA request.  *See* 5 U.S.C. § 552(a)(6)(c).

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over some or all of plaintiff's claims at this time.

## THIRD DEFENSE

Some or all of the requested documents are exempt from disclosure.  *See* 5 U.S.C. § 552(b).

-1-

**FOURTH DEFENSE**

The Government can neither confirm nor deny the existence of some of the records requested because the existence or non-existence of such records is itself exempt from disclosure. *See* 5 U.S.C. § 552(b).

**FIFTH DEFENSE**

Using the same numbering system as the Complaint, defendant responds to the numbered paragraphs as follows:

1. This paragraph contains plaintiff's characterization of its Complaint to which no response is required. To the extent a response is deemed necessary, denies except to admit that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

2. This paragraph contains conclusions of law to which no response is required.

3. Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph.

4. Admits the allegations of the first and second sentences of this paragraph. The third sentence contains a conclusion of law to which no response is required.

5. The allegations of this paragraph are too vague and ambiguous for defendant to form a belief as to their truth or falsity. Avers that defendant, *inter alia*, collects (including through clandestine means), processes, analyzes, produces, and disseminates signals intelligence information and data for foreign intelligence and counterintelligence purposes.

6. The allegations of the first sentence of this paragraph are too vague and ambiguous for defendant to form a belief as to their truth or falsity. Defendant avers that in order to correct misinformation flowing from certain unauthorized disclosures of classified

national security information, and to reassure the American public as to the numerous safeguards that protect privacy and civil liberties, since June 6, 2013, the Government has declassified certain information pertaining to surveillance conducted by defendant pursuant to law. *See generally* http://icontherecord.tumblr.com/tagged/declassified. As to the balance of this paragraph, defendant admits the existence of the cited articles, to which defendant respectfully refers the Court for a full and accurate statement of their contents.

7. Defendant denies except to admit that XKEYSCORE is used as part of defendant's lawful foreign signals intelligence collection.

8. The allegations of the first sentence of this paragraph are too vague and ambiguous for defendant to form a belief as to their truth or falsity. The balance of this paragraph contains plaintiff's characterization of a *New York Times* article, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

9. The allegations of this paragraph are too vague and ambiguous for defendant to form a belief as to their truth or falsity, except to admit the existence of the cited *New York Times* article, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

10. Defendant lacks knowledge or information sufficient to admit or deny the contents of this paragraph.

11. This paragraph contains plaintiff's characterization of its FOIA request to defendant, to which defendant respectfully refers the Court for a full and accurate statement of its contents

12. This paragraph contains plaintiff's characterization of an email from an NSA FOIA officer to plaintiff's counsel, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

13. This paragraph contains plaintiff's characterization of an email from plaintiff's counsel to defendant, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

14. The first sentence of this paragraph contains plaintiff's characterization of a letter from an NSA FOIA customer service representative to plaintiff's counsel, to which defendant respectfully refers the Court for a full and accurate statement of its contents. The second sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, denies except to aver that the cited letter informed plaintiff of the FOIA case number assigned to plaintiff's FOIA request. The third sentence of this paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent a response is deemed required, defendant denies except to admit that it sent no further response to plaintiff between January 31, 2014, and February 26, 2014.

15. This paragraph contains plaintiff's characterization of a letter from plaintiff's counsel to defendant, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

16. This paragraph contains plaintiff's characterization of a letter its counsel sent to defendant's FOIA Appeal Authority, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

17.    This paragraph contains plaintiff's characterization of a letter that an NSA FOIA /Privacy Act Appeals Program Manager sent to plaintiff's counsel, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

18.    This paragraph contains plaintiff's characterization of a letter its counsel sent defendant, to which defendant respectfully refers the Court for a full and accurate statement of its contents.

19.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, admits that defendant did not send plaintiff further correspondence regarding plaintiff's FOIA appeal prior to plaintiff's filing of its Complaint.

20.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, denies.

21.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, admits.

22.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, denies.

23.    Defendant repeats and realleges paragraphs 1-22 above.

24.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, denies.

25.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, denies.

26.    This paragraph contains conclusions of law, not allegations of fact, to which no response is required.  To the extent a response is deemed required, denies.

The remainder of the Complaint consists of plaintiff's Prayer for Relief to which no response is required. To the extent a response is deemed necessary, defendant denies and avers that plaintiff is not entitled to any relief.

WHEREFORE, the Court should deny the Prayer for Relief, enter judgment dismissing plaintiff's Complaint and granting such further relief to defendant as this Court deems proper.

Dated July 7, 2014                        Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

   */s/ Steven Y. Bressler*
STEVEN Y. BRESSLER
Senior Counsel
U.S. Department of Justice, Civil Division
Ben Franklin Station, P.O. Box 833
Washington, D.C. 20044
(202) 305-0167
Steven.Bressler@usdoj.gov

*Counsel for Defendant*