UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AGILITY PUBLIC WAREHOUSING )<br>       COMPANY K.S.C., a/k/a                    )<br>       AGILITY or THE PUBLIC             )<br>       WAREHOUSING COMPANY,       )<br>                                                              )<br>              Plaintiff,                                )<br>                                                              )<br>       v.                                                   )<br>                                                              )<br>NATIONAL SECURITY AGENCY,         )<br>                                                              )<br>              Defendant.                            )<br>_____ ) | Case No. 1:14-cv-0946-BAH |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR 7(h), defendant, the National Security Agency ("NSA"), submits this Statement of Material Facts as to Which There is No Genuine Dispute.

1. Defendant NSA's foreign intelligence mission includes the responsibility to collect, process, analyze, produce, and disseminate signals intelligence, or "SIGINT," information, including communications intelligence, or "COMINT," from intercepted foreign communications, for foreign intelligence and counterintelligence purposes on behalf of the United States.  Declaration of David J. Sherman ¶ 5, *citing* Executive Order 12,333 at § 1.7(c), as amended; *see also id.* ¶ 9.

2. By letter dated December 19, 2013, which the NSA received on December 31, 2013, plaintiff's counsel made a FOIA request on behalf of plaintiff.  *See* Compl. ¶ 11 & Exh 1, Sherman Decl. ¶ 15.

-1-

3. Plaintiff requested that the NSA disclose documents responsive to seven items listed in its request:

- All email, letter, telephonic, or other communications, or recordings of such communications, by PWC or its directors, officers, or employees. This request includes, without limitation, any such communications in the NSA's possession, including without limitation any communications that were intercepted by the NSA (including, without limitation, through the NSA's XKeyscore program), any other U.S. or foreign government agency, or any U.S. or foreign communications providers (such as Google, Yahoo, Verizon or AT&T).
- The names of any U.S. or foreign communications providers that intercepted email, letter, telephonic, and/or other communications by PWC or its directors, officers, or employees.
- Any and all documents related to the following contracts between PWC and the Defense Supply Center Philadelphia: Contract SP0300-03-D-3061 (awarded on May 28, 2003); Contract SPM300-05-D-3119 (awarded on February 16, 2005); and Contract SPM300-05-D-3128 (awarded on July 7, 2005).
- Any and all documents related to the following lawsuits: *United States ex rel. Kamal Mustafa Al-Sultan v. The Public Warehousing Company, K.S.C.*, Case No. 1:05-CV-2968 (N.D. Ga. 2005); and *United States v. The Public Warehousing Co. K.S.C.*, Case No. 1:09-CR-490-TWT/AJB (N.D. Ga. 2009).
- All email, letter, telephonic, or other communications, or recordings of such communications, between the NSA and any other investigative or law enforcement agency, including the Department of Justice ("DOJ") and the Federal Bureau of Investigations ("FBI"), regarding PWC or any of its directors, officers, or employees.
- Any memoranda, meeting minutes, reports, manuals, or other documents discussing or pertaining to any meetings among employees or contractors of any or all of the DOJ, the Office of the Director of National Intelligence, and the NSA, which mention or relate to PWC.
- Any memoranda, meeting minutes, reports, manuals, or other documents discussing or pertaining to any meetings between employees or contractors of the NSA and employees or contractors of other investigative or law enforcement agencies, including but not limited to the FBI, the Central Intelligence Agency, the Department of Defense, and the Department of Homeland Security, relating to or mentioning PWC.

Compl. ¶ 11 & Exh 1, Sherman Decl. ¶ 15.

4. On January 6, 2014, NSA's FOIA Office emailed plaintiff to acknowledge receipt of plaintiff's request, inform plaintiff of the FOIA Case Number assigned within the NSA, and also request additional information and clarification. Sherman Decl. ¶ 16; *see also* Compl. ¶ 12

& Exh. 2.  Plaintiff's counsel responded to that January 6 email on January 29, 2014.  Sherman Decl. ¶ 19; Compl. ¶ 13.

5. Following further correspondence between the parties and an administrative appeal by plaintiff, *see* Sherman Decl. ¶¶ 19-24, Compl. ¶¶ 14-18, plaintiff filed this civil action on June 4, 2014.  *See generally* Compl.; *see also* Sherman Decl. ¶ 24.

6. At that time, the NSA had not yet processed plaintiff's FOIA request based on its placement in the agency's first-in, first-out appeal queue.  Sherman Decl. ¶ 24.

7. On July 18, 2014, the Chief of NSA's FOIA/Privacy Act Office provided plaintiff, through counsel, with a final letter response to plaintiff's FOIA request.  *Id.* ¶ 25 & Exhibit 9 thereto.

8. The response stated that the NSA had interpreted plaintiff's request "to be for potential contracts or acquisition related information this agency may hold, information relating to lawsuits that this agency may hold, or for intelligence information on" plaintiff.  *See* July 18, 2014 Response Letter to Richard Marmaro ("Response Letter"), attached as Exhibit 9 to Sherman Decl.

9. The response informed plaintiff that NSA conducted a thorough search for records relating to the contracts and lawsuits mentioned in plaintiff's FOIA request, including any communications on those subjects, but located no responsive records.  *Id.*; Sherman Decl. ¶ 27.

10. The response further informed plaintiff that, to the extent its request was seeking intelligence information, including intelligence intercepts, the existence or non-existence of such records is classified pursuant to executive order and is protected from disclosure by multiple statutes.  Response Letter at 2; Sherman Decl. ¶¶ 28-29.

11. David J. Sherman is an original classification authority at the top secret level. Sherman Decl. ¶ 2

12. Mr. Sherman has affirmed after careful consideration that the fact of the existence or nonexistence of records responsive to plaintiff's FOIA request, beyond the legal and contracting records for which NSA searched, is a classified fact, *id.* ¶¶ 28-29, 32-35, 42.

13. The existence or nonexistence of such records is information owned by and in control of the U.S. Government. *See* Sherman Decl.

14. To disclose whether or not NSA has records about a company or individual, or records of meetings or other discussions about a company or individual, would reveal an intelligence interest in that company or individual, and would also reveal "intelligence sources and methods," E.O. 13,526 § 1.4(c), as it would disclose whether or not that individual is an intelligence source or whether or not the individual's activities have been detected by the U.S. intelligence community. *Id.* ¶¶ 33-34, 42.

15. As Mr. Sherman has determined, if the NSA admitted that it did not possess records reflecting an intelligence interest in a particular company or individual, but declined to respond to a request concerning a different company or individual, then, over time, adversaries of the United States could compile this information to learn which communication modes or personnel remain secure from intelligence collection. *Id.* ¶ 34.

16. By the same token, adversaries of the United States could then be reasonably expected to employ countermeasures to avoid having future activities monitored by the NSA. *Id.* ¶ 34.

17. In sum, as Mr. Sherman has determined, confirming or denying whether NSA does or does not possess records reflecting an intelligence interest in particular individuals would

cause harm to U.S. national security by providing information that potentially hostile individuals could use to evade detection or monitoring by the U.S. intelligence community. *Id.*

18. Confirming the existence or non-existence of records responsive to plaintiff's request (beyond the non-existence of the legal and contracting records for which the NSA conducted a thorough search) would disclose the organization, activities, and/or functions of the NSA. Sherman Decl. ¶¶ 38, 41-42.

19. As Mr. Sherman explains, *id.*, information about the existence or non-existence of records responsive to plaintiff's request (beyond the nonexistence of the legal and contracting records for which NSA conducted a thorough search) involves "the organization or any function of the [NSA], or . . . information with respect to the activities thereof." *See id.* ¶ 38, *citing* 50 U.S.C. § 3605; *id.* ¶ 42.

20. Confirming the existence or non-existence of records responsive to plaintiff's request (beyond the nonexistence of the legal and contracting records for which NSA conducted a thorough search) would reveal an intelligence interest, or lack of such interest, in plaintiffs, and thus information about intelligence sources and methods. *Id.* ¶¶ 40, 42.

21. Revealing the existence or nonexistence of records responsive to plaintiff's request (beyond the legal and contract records for which NSA conducted a thorough search) would reveal, *inter alia*, classified information "concerning the communications intelligence activities of the United States." *Id.* ¶ 39, *citing* 18 U.S.C. § 798; *id.* ¶ 43.

22. The NSA searched for records related to specific contracts related to plaintiff cited in its request, records relating to the civil and criminal actions to which plaintiff is a party and which plaintiff cited in its request, and any internal or external communications pertaining to those specified contracts or criminal and civil actions. Sherman Decl. ¶ 27.

23. NSA searched the records of the only organizations within NSA that would maintain contract-related or litigation records responsive to plaintiff's request. *Id.*

24. Those organizations are the NSA Office of General Counsel, the NSA's acquisition organization, and the NSA's logistics organization. *Id.*

25. All three organizations conducted a searching using plaintiff's name and the specified contract numbers, but found no responsive records. *Id.*

26. The acquisition and logistics organizations searched their filing systems with those search terms. *Id.*

27. NSA also searched its contracting management information system database using plaintiff's name and the contract numbers. *Id.*

28. The Office of General Counsel's Litigation Practice Group attorneys searched their individual email accounts, and other personnel searched litigation filing systems. *Id.*

29. These searches located no records responsive to plaintiff's request. *Id.*

30. As Mr. Sherman has stated, "any NSA records relating to the lawsuits and contracts identified by Plaintiff would be likely to found only in the three NSA organizations where NSA searched." *Id.*

//
//
//
//
//
//

Dated September 19, 2014						Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

RONALD C. MACHEN
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Branch Director

  */s/ Steven Y. Bressler*
STEVEN Y. BRESSLER
Senior Counsel
U.S. Department of Justice, Civil Division
Ben Franklin Station, P.O. Box 833
Washington, D.C.  20044
(202) 305-0167
Steven.Bressler@usdoj.gov

*Counsel for Defendant*